724 P.2d 220

**In the Matter of Elias QUINTANA, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 16079.

Supreme Court of New Mexico.

Aug. 14, 1986.

Virginia Ferrara, Chief Disciplinary Counsel, Albuquerque, for the Board.

Elias N. Quintana, Albuquerque, pro se.

## OPINION

PER CURIAM.

This matter having come before this Court on May 21, 1986, after the completion of disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1985), wherein Attorney Elias N. Quintana (Quintana) was found to have committed sixteen (16) violations of nine (9) NMSA 1978, Code of Prof. Resp. Rules (Repl.Pamp.1985), involving misrepresentation, neglect, improper fee-splitting, disrespect to various tribunals, and other conduct prejudicial to the administration of justice. The Court adopts the findings and conclusions of the Disciplinary Board. We suspend Quintana indefinitely from the practice of law. We further hold that considering the previous suspension of Quintana, he may not reapply to practice law before October 9, 1990 and then only upon certain conditions.

The undisputed facts upon which our opinion is based are as follows. Quintana was attorney of record for the plaintiff-appellee in a case pending before the Court of Appeals wherein the defendants, in a worker's compensation matter, were appealing a summary judgment that allowed a portion of an earlier settlement to be set aside. On December 18, 1984, the Court of Appeals issued its opinion reversing the trial court's decision and reinstating the original settlement. Quintana filed a motion for rehearing, which was denied by the Court of Appeals on January 2, 1985. Pursuant to NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C.App. Rules (Repl.Pamp.1983), a petition for certiorari should have been filed with this Court on or before January 22, 1985, if one were contemplated. Quintana filed no such petition until February 7, 1985, over two weeks after the mandatory filing date.

Accompanying Quintana's petition was a "Writ for Extraordinary Equitable Relief" wherein he alleged that his delay in petitioning for certiorari was the result of the inefficiency of the U.S. Postal Service, in that he had not received the notice of the Court of Appeals' order denying his motion for rehearing until January 21, 1985. Quintana attached a copy of that order to his writ. The order, however, bore a stamp from Quintana's office that showed the order denying rehearing by the Court of Appeals had been received in Quintana's office on January 6, 1985.

The petition for certiorari was rejected for filing due to its untimeliness, and Quintana's client was denied the opportunity to have this Court consider the merits of her request. In addition to the above misrepresentation to this Court in violation of Code of Prof.Resp. Rules 1–102(A)(4) and 7–102(A)(5) (Repl.1985), Quintana's inexcusable neglect of this matter was also violative of Code of Prof.Resp.Rules 1–102(A)(5), 1–102(a)(6), 6–101(A)(3).

In July 1980, Quintana undertook the representation of Howard Den Aitkin in a personal injury case but was discharged by his client in August 1981. Aitkin then retained another attorney, who unsuccessfully attempted to obtain the case file from Quintana. A hearing was held before the Honorable Rozier Sanchez, in State District Court who directed Quintana to prepare a cost bill reflecting his out-of-pocket expenses. Aitkin was to pay these outstanding costs in exchange for the file, and a ruling on attorney fees due to Quintana was reserved until the case had been concluded. Quintana prepared no order reflecting this ruling nor any itemized cost bill for filing with the court, but did advise Aitkin's new counsel by letter that he had advanced $1,752.75 in costs. The money was paid and the file released.

In July 1982, Quintana filed a notice of charging lien claiming he was entitled to twenty-five percent (25%) of any monies ultimately awarded to Aitkin and in September 1982 filed an amended notice claiming an additional $1,660.25 in outstanding costs in addition to those for which he had been reimbursed. However, no itemization of these alleged costs was set forth in the amended notice. The case was settled in May 1984, and Quintana filed a motion requesting the trial court to apportion fees in June 1984. At a hearing held before Judge Sanchez in September 1984, Quintana argued that he was still owed more than $3,500.00 in costs as well as a fee of twenty-five percent (25%) of the recovery.

After a lengthy hearing, at which evidence and testimony were presented by Aitkin's attorneys, Judge Sanchez awarded Quintana a fee of $2,500.00 on the basis of *quantum meruit.* The court also allowed additional costs of $242.75 provided that Quintana produce receipts for these claimed expenditures within ten (10) days.

On September 12, 1984, Quintana filed a motion to reconsider the award of fees and costs and, in his motion, accused Judge Sanchez of violating his lien and of showing partiality to opposing counsel. At a hearing on this motion, Quintana again accused Judge Sanchez of favoring Freedman. When Judge Sanchez pointed out that Quintana had yet to submit an itemized cost bill or any receipts, despite the Court's repeated requests, Quintana became abusive and advised Judge Sanchez that he was "not going to bow down to anybody * * * whether it's a judge or anybody. I answer to a higher authority." Judge Sanchez recessed the hearing and, upon reconvening it, reiterated his position that Quintana's failure to present an itemized bill of costs precluded any additional award; Quintana accused Judge Sanchez of using a double standard and of being unprofessional. Judge Sanchez, with a remarkable showing of patience and restraint, gave Quintana an additional ten (10) days to produce an itemized cost bill in support of his claims and adjourned the hearing.

Quintana's conduct in these proceedings was inexcusable and could justifiably have resulted in his having been held in direct criminal contempt of court. Such insolence to the Court by one of its officers need not be tolerated.

Quintana subsequently filed with the Court a "Costs Bill," wherein he stated that $3,413.00 was owed by him to a Fred Thomas for unspecified investigative services in the Aitkin case. Fred Thomas is Quintana's wife's grandfather. Mr. Thomas' affidavit (attached as an exhibit to the "Costs Bill") stated that his agreement with Quintana was to do investigative work in the Aitkin case for a five percent (5%) contingency fee. While it is unclear whether this was to have been five percent (5%) of the total recovery in the case or five

percent (5%) of Quintana's anticipated fee, such an arrangement between an attorney and a non-lawyer is clearly violative of Code of Prof.Resp., Rule 3–102(A). Judge Sanchez denied an award of additional costs.

Quintana undertook an appeal of the Court's denial of his motion to reconsider the award of costs, but in February 1985, the Court of Appeals dismissed the appeal for Quintana's failure to comply within the procedural time limits. Quintana filed a motion to reconsider the dismissal, alleging that the dismissal was the result of neglect by his attorney and the "malicious, unethical, and unprofessional" actions of Aitkin's attorney in moving for a dismissal of the appeal on procedural grounds. The record showed that no attorney had entered an appearance on behalf of Quintana and that Aitkin's motion to dismiss was well-founded.

Quintana's inept and impertinent conduct in this matter was violative of Code of Prof.Resp., Rules 1–102(A)(5), 1–102(A)(6), 7–106(C)(6) and 7–106(C)(7).

On March 15, 1985, Quintana was appointed to represent Benjamin Torrez-Lopez on criminal charges before the United States District Court for New Mexico and was notified that his client would be arraigned three days thereafter. Quintana failed to appear at the arraignment, was located by the Court, and appeared nearly an hour late. At the rescheduled arraignment, Quintana was advised of the date of the trial to be held before the Honorable Juan Burciaga, and the setting was subsequently confirmed in writing with notice being sent to Quintana by certified mail. Thereafter, Quintana accepted a plea offer for his client, and the plea was scheduled for the trial date; Quintana received oral and written reminders of this setting from the Clerk of the Federal District Court.

Quintana failed to appear at the scheduled plea hearing. Judge Burciaga ascertained from Torrez-Lopez that the only time he had spoken with Quintana was at his arraignment and that he had never had an opportunity to discuss either the charges or any plea with his attorney. Judge Burciaga continued the plea hearing for another two days and notified Quintana's office of this. Quintana again failed to appear. Judge Burciaga removed Quintana as attorney for Torrez-Lopez and issued a warrant for Quintana's arrest. Quintana appeared belatedly, and the warrant was cancelled. Quintana was subsequently found to be in contempt of court for his neglect of the Torrez-Lopez case and repeated failures to appear, and he was suspended from the practice of law in federal court for a period of six (6) months.

This conduct violates Code of Prof.Resp., Rules 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–106(C)(6), and 7–106(C)(7).

On October 9, 1985, this Court suspended Quintana from the practice of law for an indefinite period of at least two (2) years and conditioned any application for reinstatement after that time, upon his satisfactory demonstration of a level of competence in professional skills sufficient to justify his readmission and the willingness and ability to accept his professional responsibilities. *Matter of Quintana*, 103 N.M. 458, 709 P.2d 180 (1985). At that time, this Court was concerned with Quintana's obvious inability to appreciate the significance of either his misconduct or to acknowledge that his own actions (rather than the actions of someone else) might have been the cause of his predicament.

The defenses raised by Quintana in the instant proceedings as well as his argument before this Court are of the same character as those made by him in the previous case and demonstrate, conclusively, that he has either failed to take cognizance of this Court's prior decision or is incapable of doing so. Rather than recognizing his own shortcomings, he continues to blame others for his acts and omissions. In addition, he has openly chastised disciplinary counsel and this Court for what he evidently perceives as unjustified "punish-

ment." Our purpose in disciplining Quintana or other attorneys is not to impose punishment. Our obligation is to protect the public and the reputation of the profession, and safeguard the administration of justice. Quintana's sustained inability to grasp any appreciation of how his conduct falls below the standards set for attorneys or any understanding of his professional obligations convinces us that an extension of the previously imposed sanction is required for the protection of the public.

IT IS THEREFORE ORDERED that Elias N. Quintana be and hereby is suspended indefinitely from the practice of law pursuant to Rules Governing Discipline, Rule 11(a)(3).

IT IS FURTHER ORDERED that Elias N. Quintana not be permitted to apply for readmission to the bar of this state before October 9, 1990 (a period of five years from the date of his original suspension). Should Quintana apply for readmission on or after that date, in order to be readmitted he must satisfy this Court of his ability and fitness to practice law. This would include his having taken and passed the Multistate Professional Responsibility Examination. In addition, he will be required to demonstrate to this Court that he has attained the level of competence in professional skills that would justify his readmission and that he has developed the ability to accept not only his obligations as a professional but also responsibility for his own actions. The Court will establish the procedure for determining these factors at the time any request for readmission is made. Quintana must further be able to show that he has violated no laws during his period of suspension and that he has promptly paid all costs imposed in all disciplinary proceedings against him.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall publish this opinion in the News and Views and in the New Mexico Reports.

The costs of this action in the amount of $229.31 are assessed against Quintana.